# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DAMERIAN CRESHAWN CHEATUM, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 22-cv-04055-SRB <br> (Crim. Case No. 19-cr-04071-SRB) |

## ORDER

Before the Court is Movant Damerian Creshawn Cheatum's ("Movant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. #1.) For the reasons stated below, the motion is DENIED.

## I.     BACKGROUND

On March 23, 2021, Movant pled guilty to one count of felon in possession, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to 92 months of imprisonment. The Court calculated a total offense level of 23 by finding (1) a criminal history category of 6; (2) a base offense level of 20 pursuant to U.S.S.G. § 2K2.1; (3) a four-point enhancement under U.S.S.G. § 2K2.1(b)(6)(B); (4) a two-point enhancement under U.S.S.G. § 3C1.2; and (5) a three-point reduction due to acceptance of responsibility; resulting in a guideline range of 92 to 115 months.

Movant filed the instant motion on April 4, 2022, seeking to vacate his sentence pursuant to 28 U.S.C. § 2255. Movant claims that he was denied effective assistance of counsel on four grounds: (1) counsel failed to file an appeal following his sentencing; (2) counsel failed to object to Movant's Presentence Report ("PSR"); (3) counsel failed to file a motion to dismiss the

indictment; and (4) counsel failed to file a motion to suppress. On September 7, 2022, the Court held an evidentiary hearing on Movant's first ground. Each ground is discussed separately below.

## II. LEGAL STANDARD

"In a § 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the petitioner[.]" *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969) (citation omitted). "[V]age and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255." *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1086) (citation omitted).

"Counsel . . . deprive[s] a defendant of the right to effective assistance[] simply by failing to render 'adequate legal assistance[.]'" *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (citation omitted). To demonstrate ineffective assistance of counsel, "a party 'must show (1) . . . counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) . . . counsel's deficient performance prejudiced the defendant." *United States v. Ngombwa*, 893 F.3d 546, 552 (8th Cir. 2018) (quoting *Long v. United States*, 875 F.3d 411, 413 (8th Cir. 2017)). "A presumption exists that counsel is competent, and the petitioner bears a heavy burden in overcoming the presumption." *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir. 1983) (citation omitted).

## III. DISCUSSION

### A. Ground 1: Failure to Appeal after Sentencing

Movant argues that "[r]ight after [he] was sentenced, he told his attorney to file an appeal to the Eighth Circuit, and made his desire readily apparent, [and that] movant's attorney refused to [file an appeal]." (22-cv-04055, Doc. #1, p. 5.) The Government disputes whether Movant informed his attorney that he wished to appeal his sentence.

2

"[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (citation omitted). "For such a claim to succeed, however, [the movant] must show []he instructed h[is] counsel to file an appeal." *Id.* (citation omitted). "A bare assertion by the petitioner that []he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id.* (citation omitted).

On September 7, 2022, the Court held an evidentiary hearing on Movant's claim. *See Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) ("A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that he is entitled to no relief."). Both parties agree that a notice of appeal was not filed after sentencing. Movant asserts he instructed counsel to file an appeal. Movant testified that he explicitly told his counsel that he wanted to appeal his sentencing, alleging counsel told him they would be "in touch."

However, credible evidence indicates the contrary. Counsel testified and submitted an affidavit that Movant did not instruct him to file an appeal. Counsel produced letters written by Movant to the Court that do not mention an appeal or Movant's dissatisfaction with his attorney's failure to file a notice of appeal. In the span of over a year since Movant was sentenced, he did not attempt to file an appeal himself. Finally, counsel alleges that Movant asked him to represent Movant in a subsequent state action, indicating that Movant was not dissatisfied with counsel's past performance. Other than Movant's "bare assertion," he has not produced any documents or other evidence that would support the claim.

3

Upon consideration of the record, exhibits, and witness testimony, the Court finds counsel's testimony more credible and that Movant did not request an appeal. Because Movant has not shown that counsel's performance was deficient, Movant's Ground 1 is rejected.

**B.    Ground 2: Failure to Object to the Presentence Report**

Movant argues that he received ineffective assistance of counsel because counsel did not object to the PSR for several reasons: (1) the Court improperly applied an enhancement under U.S.S.G. §§ 2K2.1(a)(4)(A) and 4A1.1(e); (2) the Court improperly applied an enhancement under U.S.S.G. § 2K2.1(b)(6)(B); and (3) the Court improperly applied an enhancement under U.S.S.G. § 3C1.2. Each argument is addressed below.

**1.    Enhancement under U.S.S.G. §§ 2K2.1(a)(4)(A) and 4A.1(e)**

Movant argues that counsel did not act as a reasonable attorney in failing to object to the PSR because his past two convictions for unlawful use of a firearm were not "crime[s] of violence" justifying the application of an enhancement. (22-cv-04055, Doc. #1, p. 7.) The Government disagrees, stating that Movant was convicted for unlawful use of a weapon, in violation of Mo. Rev. Stat. § 571.030.1(4), which qualifies as a violent offense.

The Court agrees with the Government. Movant was convicted of two counts of unlawful use of a weapon under Mo. Rev. Stat. § 571.030.1(4). The Federal Sentencing Guidelines state that the applicable base offense level is 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § K2.1(a)(4)(A). Further, an offender is subject o a higher criminal history category for crimes of violence. U.S.S.G. § 4A1.1(a)–(e). "Missouri's crime of unlawful use of a weapon meets the statutory definition of violent felony . . . because it involves the 'use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Pulliam*, 566 F.3d 784, 788 (8th Cir. 2009) (citation omitted).

4

Because Movant has not shown that counsel's performance was deficient or that counsel's performance prejudiced him, Movant's argument is rejected.

2. Enhancement under U.S.S.G. § 2K2.1(b)(6)(B)

Movant argues that counsel provided ineffective assistance because he did not object to the application of U.S.S.G. § 2K2.1(b)(6)(b). Movant argues that, if counsel had objected, it could not be established by a preponderance of the evidence that he used or possessed a firearm in the facilitation of a felony. The Government disagrees, stating that "[h]ad counsel objected . . . , the Government would have simply called" a law enforcement officer to testify, showing that § 2K2.1(b)(6)(B) is applicable. (22-cv-04055, Doc. #8, p. 11.)

The Court agrees with the Government. U.S.S.G. § 2K2.1(b)(6)(B) imposes a four-point enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe it would be used or possessed in connection with another felony offense[.]" The record shows that on June 26, 2019, Movant possessed drugs and a firearm while operating a vehicle and that there were no other persons present. Because Movant has not shown that counsel's performance was deficient or that counsel's performance prejudiced him, Movant's argument is rejected.

3. Enhancement under U.S.S.G. § 3C1.2

Movant argues that counsel provided ineffective assistance because he denies his flight from police officers was related to his possession of a firearm. The Government disagrees, arguing that Movant "does not provide a legitimate legal claim that the enhancement does not apply." (22-cv-04055, Doc. #8, p. 12.)

The Court agrees with the Government. U.S.S.G. § 3C1.2 imposes a two-point enhancement "[i]f the defendant recklessly created a substantial risk of death or serious bodily

5

injury to another person in the course of feeling from a law enforcement officer[.]" The record shows that Movant fled from police "slightly los[ing] control of the vehicle, and nearly crash[ing] into a ditch" while driving "at speeds in excess of 90 miles per hour" and ultimately crashed. (19-cr-04071, Doc. #33, p. 4.) Because Movant has not shown that counsel's performance was deficient or that counsel's performance prejudiced him, Movant's argument is rejected. For these reasons, Movant's Ground 2 is rejected.

### C. Ground 3: Failure to File a Motion to Dismiss the Indictment

Movant argues that counsel provided ineffective assistance because he is "'actually innocent' of possessing a firearm, either actually or constructively, so he should have never been charged with being a felon in possession[.]" (22-cv-04055, Doc. #1, p. 10.) The Government disagrees, arguing that Movant "waived this claim by pleading guilty." (22-cv-04055, Doc. #8, p. 12.)

The Court agrees with the Government:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea[.]

*Tollet v. Henderson*, 411 U.S. 258, 267 (1973). Movant does not attack the voluntary or intelligent character of his guilty plea. Further, even if Movant can be entitled to relief based on actual innocence, "the threshold for such a claim, *if* it were recognized, would be 'extraordinarily high,'" and is not met here. *Feather v. United States*, 18 F.4th 982, 986 (8th Cir. 2021) (emphasis in original) (citation omitted) (noting "newly discovered victim recantations, medical science evidence, and juror bias evidence do not meet the extraordinarily high burden of proving actual innocence"). Because Movant has not shown that counsel's performance was deficient or that counsel's performance prejudiced him, Movant's Ground 3 is rejected.

6

### D. Ground 4: Failure to File a Motion to Suppress

Movant argues that counsel provided ineffective assistance because counsel failed to file a motion to suppress evidence that Movant possessed a firearm, "notwithstanding the fact that he never actually, or constructively, possessed one." (22-cv-04055, Doc. #1, p. 10.) The Government disagrees, arguing that, "[e]ven if [Movant] could identify a legitimate claim for suppression of the evidence seized on September 21, 2019, he cannot demonstrate prejudice." (22-cv-04055, Doc. #8, p. 16.)

The Court agrees with the Government. Movant's Ground 4 is premised on counsel's failure to move to suppress evidence of firearms recovered by law enforcement on September 21, 2019. However, the charge at issue is related to an entirely separate incident on July 26, 2019, in which law enforcement recovered another firearm. Movant was not charged for any conduct related to the September 21, 2019 incident. Even if counsel's failure to file a motion to suppress in this instance was deficient performance, Movant has not shown that it prejudiced him. Therefore, Movant's Ground 4 is rejected.

### IV. CONCLUSION

For the reasons stated above, it is ORDERED that Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. #1) is DENIED. The Court also declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right"). Movant's counsel may determine if and when to file a motion to withdraw.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 8, 2022